IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICIA RICHARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 09 CV 4159 |
| v. ) | |
| ) | Judge Joan H. Lefkow |
| J. THOMAS MARTINDALE, MICHAEL E. ) | |
| MARTINDALE, JEFFREY MARTINDALE ) | |
| and DAVID CHARLES MARTINDALE ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This is a statutory interpleader action pursuant to 28 U.S.C. § 1335 to settle the competing claims of Patricia Richard ("Patricia") and J. Thomas Martindale ("Thomas"), Michael E. Martindale ("Michael"), Jeffrey Martindale ("Jeffrey"), and David Charles Martindale ("David") (collectively, "the Martindales") to the proceeds of a State Farm Life Insurance Company policy in Robert Martindale's name. Before the court is the Martindales' motion for summary judgment. For the following reasons, the motion [#13] is granted.

**LEGAL STANDARD**

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To determine whether any genuine fact exists, the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. *Id.* While the court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in that party's favor,

1

*Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986), where a claim or defense is factually unsupported, it should be disposed of on summary judgment. *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The party seeking summary judgment bears the initial burden of proving there is no genuine issue of material fact. *Id.* at 323. In response, the non-moving party cannot rest on bare pleadings alone but must use the evidentiary tools listed above to designate specific material facts showing that there is a genuine issue for trial. *Id.* at 324; *Insolia* v. *Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000).

## BACKGROUND

Patricia and Robert were married on August 4, 1979. On August 4, 1989, State Farm Life Insurance Company ("State Farm") issued a $50,000 life insurance policy ("the policy") to Robert. On August 28, 1989, Robert named Patricia as the primary beneficiary of the policy and his sons, Thomas, Michael, Jeffrey, David, and Gregory, successor beneficiaries.[1]

Patricia filed for divorce in the Circuit Court of Cook County in 2001. The court entered a judgment for the dissolution of the marriage on September 27, 2004. Section M of the judgment states, "Each party shall be the sole owner of any policies of life insurance he or she may have, free and clear of any claim by the other." Ex. 1 to the Martindales' Mot. for Summ. J. Section P provides:

> Except as otherwise provided, each of the parties shall and hereby does waive and relinquish: . . . all rights, interests, expectancies, and beneficial interests that he or she now has or would have upon the death of the other party under any . . . life insurance policy . . . or any other instrument executed prior to the effective date of this Judgment . . . each of the parties . . . shall reserve the right to dispose of his or her property in any way that he or she may see fit without restriction or limitation

---

[1] Gregory died on July 4, 2002.

2

> whatsoever. The foregoing provisions shall override any contrary provision in
> any will, trust agreement, beneficiary designation, or other instrument executed
> prior to the effective date of this Judgment.

*Id.* Robert and Patricia also reserved the right to dispose of their property not governed by the judgment as they saw fit. Robert never changed the designation of primary beneficiary on the policy. Shortly after the judgment was entered, Robert wrote a letter to Patricia expressing his regret over the divorce, accepting responsibility for the end of the marriage, and expressing his wish that she find happiness in the rest of her life.

On April 7, 2009, Robert died. Patricia and the Martindales submitted claims to the proceeds of the policy. State Farm, facing competing claims, filed this statutory interpleader action on July 10, 2009. State Farm was dismissed from the action on September 24, 2009.

## DISCUSSION

**I. Effect of the Judgment on Patricia's Rights to the Policy**

Under Illinois law, a general waiver of property rights in a judgment for dissolution of marriage is not sufficient to relinquish a former spouse's rights over life insurance policies. *Williams* v. *Gatling*, 542 N.E.2d 121, 123,186 Ill. App. 3d 21, 134 Ill. Dec. 121 (Ill. App. Ct. 1989); *O'Toole* v. *Cent. Laborers' Pension & Welfare Funds*, 299 N.E.2d 392, 394, 12 Ill. App. 3d 995 (Ill. App. Ct. 1973). To waive rights to a life insurance policy, the waiver must specifically state that the former spouse's beneficiary rights are terminated. *O'Toole*, 299 N.E.2d at 394; *see also In re Marriage of Velasquez*, 692 N.E.2d 841, 845, 295 Ill. App. 3d 350, 229 Ill. Dec. 852 (Ill. App. Ct. 1998); *Williams*, 542 N.E.2d at 123; *Cox* v. *Employers Life Ins. Co.* 322 N.E.2d 555, 559-60, 25 Ill.App.3d 12 (Ill. App. Ct. 1975).

3

Here, Patricia relinquished her rights to and beneficial interest in the policy in the judgment. The judgment provided that each party waived and relinquished "all rights, interests, expectancies, and beneficial interests that he or she now has or would have upon the death of the other party under any…life insurance policy." The judgment further stated that the relinquishment "shall override any contrary provision in any will, trust agreement, beneficiary designation, or other instrument executed prior to the effective date of this Judgment." Thus the judgment overrode the documents designating Patricia as the primary beneficiary of the policy at issue here, executed well before the judgment was entered.

The court may not consider the circumstances of the divorce, as Patricia urges. "The language used in the marital agreement generally is the best indication of the parties' intent, and when the terms of the agreement are unambiguous they must be given their plain and ordinary meaning." *In re Marriage of Dundas*, 823 N.E.2d 239, 241-242, 355 Ill. App. 3d 423, 291 Ill. Dec. 229 (2005). The judgment is unambiguous and clearly establishes the parties' intent to relinquish their rights to any beneficial interests each may have previously held. Patricia cannot now collaterally attack or attempt to relitigate the divorce judgment. Although she may believe it to be unfair, that is not the proper inquiry for this court.

**II. Robert's Intent to Name Patricia as Beneficiary After the Judgment Was Entered**

Although Patricia waived her beneficial interests in the judgment, the court must still determine whether by not changing the primary beneficiary of the policy prior to his death, Robert intended that Patricia retain her beneficiary rights. An inference cannot be drawn that Robert intended to reinstate Patricia as the primary beneficiary just because he did not file a change of beneficiary form after the judgment was entered specifying another primary

4

beneficiary. In *Principal Mutual Life Insurance Company* v. *Juntunen*, the Illinois Appellate Court faced a situation like that here. 545 N.E.2d 224, 189 Ill. App. 3d 224, 136 Ill. Dec. 700 (Ill App. Ct. 1989). The policy holder and his ex-wife had entered into a divorce settlement that specifically waived "any interest, beneficial or otherwise, which he or she may have acquired in or to life insurance policy(ies) owned by the other." *Id.* at 225. The policy holder's ex-wife argued, as Patricia does here, that his inaction in changing the primary beneficiary proved that she remained as primary beneficiary. *Id*. at 228. The court held that the policy holder did not need to take any action because the divorce decree specifically waived the ex-wife's rights to the life insurance policy. *Id.* This waiver alone was enough to establish that ex-wife was not the primary beneficiary even though her name remained on the form. *Id*.

Similarly, Robert's inaction did not give Patricia rights to the proceeds of the policy after the judgment was entered. The judgment contained language comparable to that in *Juntunen*. Once judgment was entered, his sons became the primary beneficiaries of the policy. Robert did not have to take any additional action to change the beneficiaries unless he intended to replace his sons as primary beneficiaries. No evidence demonstrates this to be the case.

Patricia's arguments to the contrary are unavailing. The fact that she may have been a valued employee and contributor to Robert's company does not do anything to establish that he intended to reinstate Patricia as primary beneficiary after the judgment was entered. Further, the letter Robert wrote Patricia following their divorce, in which he acknowledged responsibility for the end of their marriage does no more than express regret for past actions. The letter does not mention the policy and no evidence has been presented to compel the conclusion that his words

were meant to negate the terms of the judgment. Thus, the court concludes that Patricia is not entitled to the proceeds of the policy.

## **CONCLUSION AND ORDER**

For the foregoing reasons, the Martindales' motion for summary judgment [#13] is granted. The clerk is instructed to enter judgment in favor of the Martindales. This case is terminated.

Dated: June 14, 2010          Enter: _____

                                              JOAN HUMPHREY LEFKOW
                                              United States District Judge